Finally, a district court does not act nefariously when it assesses a defendant's credibility. To put two truisms together here, the hard cold truth is that sometimes people don't really mean what they say, and that actions speak louder than words. That is all that the district court found here—it made a fact finding that Hakley did not really mean what she said, as based upon the presentence officer's impressions and as reflected by Hakley's recent pattern of expressing contrition but at the same time continuing to behave in a (criminal) manner completely inconsistent with her statements of remorse.

For all of the foregoing reasons, I respectfully DISSENT.

J. Patten Brown, III, Asst. F.P. Defender, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before GILMAN and COOK, Circuit Judges; and CLELAND, District Judge.*

## ORDER

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

It is ORDERED that the judgment of the district court be, and it hereby is, affirmed upon the opinion of the district court.

**UNITED STATES of America**
**Plaintiff—Appellee,**

v.

**Martin VERGARA–OCAMPO**
**Defendant—Appellant.**

No. 03–5834.

United States Court of Appeals,
Sixth Circuit.

June 16, 2004.

Linda Harris, Asst. U.S. Attorney, Camille R. McMullen, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

**File GJINAJ; Gjergj Gjinaj,**
**Petitioners,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 02–4342.

United States Court of Appeals,
Sixth Circuit.

June 16, 2004.

Marisa Petrella, Southfield, MI, for Petitioners.

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District    of Michigan, sitting by designation.